UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUISEPPE D'ALESSANDRO,

            Petitioner,

-v-

BRIAN FISCHER,
Superintendent of Sing Sing Correctional Facility,

            Respondent.

No. 01 Civ. 2551 (LTS)(DF)

**ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/05

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 31, 2005, Magistrate Judge Debra Freeman issued a Report and Recommendation ("Report") recommending that the pro se petition of Guiseppe D'Alessandro ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. On July 13, 2005, Petitioner, through his attorney, filed a Rebuttal to Magistrate Judge Freeman's Report and Recommendation Denying Petitioner's Writ of Habeas Corpus ("Rebuttal").[1] The petition was filed on January 25, 2001. Petitioner asserts four grounds for habeas relief: (I) that prosecutorial misconduct at the grand jury proceedings relating to allegedly defective indictments deprived him of a fair trial; (II) that prosecutorial misconduct at trial in the form of prejudicial statements by the prosecutor deprived him of a fair trial; (III) that trial counsel was ineffective for failing to engage in plea discussions prior to trial; and (IV) that appellate counsel was ineffective

---

[1] By memorandum endorsement orders dated February 7 and April 28, 2005, the Court had extended through August 1, 2005, Petitioner's time to file objections to the Report. The Rebuttal was therefore timely.

Copies mailed Counsel + petitioner 11/23/05
Chambers of Judge Swain

for failing to raise favorable claims on appeal. Judge Freeman recommends that the petition be denied on the basis that Claims I and III are procedurally barred from review, and that Claims II and IV are without merit.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. §636(b)(1)(c) (West Supp. 2004). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, a district court "need only satisfy itself that there is no clear error on the face of the record." Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) (citation omitted); see also Bryant v. New York State Dep't of Corr. Serv., 146 F. Supp. 2d 422, 424-425 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous"). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If the party makes only conclusory or general objections, or simply reiterates the original arguments, however, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp., 00 Civ. 7552 (HB), 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Chabrier v. Leonardo, No. 90 Civ. 0173 (PKL), 1991 WL 44838, at *1 (S.D.N.Y. Mar. 26, 1991); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691 (MJL), 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-382.

This Court has thoroughly considered the Petitioner's Rebuttal to Judge Freeman's

Report and finds that all of the objections therein are either conclusory or reiterations of previous arguments. Accordingly, the Court will review Judge Freeman's findings on all four claims for clear error.

## ANALYSIS

PETITIONER'S FIRST AND FOURTH CLAIMS

*(Defective Indictments Related to Prosecutorial Misconduct in Grand Jury Proceedings; Ineffective Assistance of Appellate Counsel)*

Petitioner's first claim in support of his writ of habeas corpus is that prosecutorial misconduct in the grand jury proceedings deprived him of a fair trial.

Judge Freeman determined that this claim was procedurally barred because Petitioner failed to exhaust all state judicial remedies. Judge Freeman went on to find that Petitioner was unable to overcome this procedural bar because he could not show "cause" for his procedural default and did not assert a miscarriage of justice argument. Judge Freeman also concluded that, in the alternative, this claim would fail because it was without merit.

Construing liberally Petitioner's ineffective assistance of appellate counsel claim (Claim IV) as an assertion of cause and prejudice, Judge Freeman further concluded that the state court's determination that Petitioner had failed to demonstrate ineffective assistance of appellate counsel was not contrary to, and did not involve an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. §2254(d)(1). Accordingly, Judge Freeman recommended that the Court find that Claim I is procedurally barred and that, because the state adjudication of the ineffective assistance of counsel claim warranted deference, Petitioner had failed to show cause and prejudice sufficient to overcome the procedural bar. Based on the same standard of review of the state court determination, Judge Freeman also recommended dismissal of Claim

IV.

Petitioner's Rebuttal merely reiterates his cause and prejudice arguments with respect to Claim I and his prior arguments regarding the merits of Claim IV. The Court has, accordingly, reviewed for clear error the aspects of the Report relating to those claims. The Court finds no such error in Judge Freeman's thoughtful and extensive analysis of Petitioner's claims. Claims I and IV will therefore be dismissed.

PETITIONER'S SECOND CLAIM

*(Prosecutorial Misconduct at Trial)*

In his second claim, Petitioner asserts that, during its closing arguments, the prosecution acted improperly by making ethnically charged statements, mischaracterizing witness testimony, and referring to matters not in evidence. Petitioner asserts that this conduct deprived him of a fair trial.

Judge Freeman found Petitioner's Claim II to be meritless because the Appellate Division's decision, which dismissed this claim on the merits, satisfied the 28 U.S.C. §2254(d)(1) standard.

In his Rebuttal, Petitioner argues in a conclusory fashion that Judge Freeman applied McFarland v. Smith, 611 F.2d 414 (2d Cir. 1979), and Haynes v. McKendrick, 481 F.2d 152 (2d Cir. 1973), unreasonably to the facts of this case. (Rebuttal at 19.) The rest of Petitioner's objections to Judge Freeman's analysis of Claim II reiterate similar arguments presented in his original petition. Therefore, the Court reviews Judge Freeman's Report regarding Petitioner's second claim, for prosecutorial misconduct at trial, for clear error. The Court finds no such error in Judge Freeman's conclusion that the state court's determinations rejecting Petitioner's claim

of prosecutorial misconduct warrant deference under the 28 U.S.C. §2254(d)(1) standard and that Claim II should therefore be dismissed.

PETITIONER'S THIRD CLAIM

*(Ineffective Assistance of Trial Counsel)*

In his third claim, Petitioner asserts that he was denied the effective assistance of trial counsel because his trial attorney did not engage in plea discussions with the prosecution prior to trial.

Judge Freeman determined that this claim was procedurally barred, and thus precluded from federal habeas review, because it was rejected by the trial court on independent and adequate state procedural grounds. Judge Freeman also concluded that this third claim would fail as meritless even if it were not procedurally barred.

Petitioner's Rebuttal essentially reiterates the arguments presented in his petition and does not specifically challenge Judge Freeman's conclusion that this claim is procedurally barred. Because no specific objections are raised, this Court reviews Judge Freeman's Report for clear error. Having found no such error in Judge Freeman's analysis, the Court will adopt Judge Freeman's Report and Claim III will be dismissed.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Freeman's Report is adopted in its entirety. Accordingly, the petition for a writ of habeas corpus is dismissed. The Court declines to issue a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

SO ORDERED.

Dated: New York, New York
November 23, 2005

LAURA TAYLOR SWAIN
United States District Judge

Magistrate Judge Freeman's Report follows.

TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.

## INTRODUCTION

*Pro se* petitioner Guiseppe D'Alessandro ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, New York County. Upon a jury verdict, Petitioner was found guilty of kidnapping in the first degree, attempted robbery in the first degree, assault in the second degree, attempted grand larceny in the second degree, and coercion in the first degree. (Petition, filed Jan. 25, 2001[2] ("Pet."), at 1.) Petitioner was sentenced to concurrent terms of imprisonment of from fifteen years to life for the kidnapping count, one and one-half to four and one-half years on the attempted robbery count,

---

[2] Although the Court's docket reflects a filing date of March 26, 2001 (Dkt. 1), the petition is deemed to have been filed on January 25, 2001, the date upon which it was signed by Petitioner. *See, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).